UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERNEST J. FROBESE
        Frobese,

v.                                                                  CIVIL ACTION NO. 17-11050-DJC

MASSACHUSETTS COURT,
        Respondent.

MEMORANDUM AND ORDER

CASPER, J.

## I. Introduction

Petitioner Ernest J. Frobese ("Frobese") brings a Petition for *habeas corpus* for release from pre-trial state custody (the "Petition"). D. 1. When read in context of all of the Petitioner's filings in this action, it appears that Frobese claims that he is being unconstitutionally held on state charges of failing to register as a sex offender. See D. 1, D. 6, D.7, D. 8, D. 9, and D. 13. The Petition is apparently brought pursuant to 28 U.S.C. § 2241 because Frobese, at the time of the filing, was apparently a pretrial detainee.[1] Id.; see Gonzalez v. Justices of Mun. Ct. of Boston, 382 F.3d 1, 6 (1st Cir. 2004), rev'd on other grounds, 544 U.S. 918 (2005); 28 U.S.C. § 2241(c)(3). Service of a *habeas corpus* petition on the respondent is not required if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]." 28 U.S.C. § 2243, ¶ 1. For the reasons stated below, the Petition is DENIED, the action DISMISSED and the pending motion for an investigation DENIED as moot.

## II. Background

Frobese appears to have been convicted in or around 1996 of indecent assault and battery on a child under fourteen years of age. D. 1-1, p.5. His conviction was affirmed by the

---

[1] The Court understands Frobese is no longer detained at Franklin County Jail and he apparently is residing at his home address. Frobese's custodial status is uncertain.

1

Massachusetts Appeals Court. See Commonwealth v. Frobese, 85 Mass. App. Ct. 1124, review denied, 469 Mass. 1104 (Table)(2014).

Frobese's habeas claim is that, at the time of the filing of the Petition, he was being unconstitutionally held at the Franklin County Jail on a specious criminal charge.[2] Frobese explains in later filings that the charge, for failure to register as a sex offender, is "simply a diversion from a lawsuite (sic) [Frobese] filed…against PNC Mortgage and Harmond (sic) Law for forecloture (sic) on [Frobese's] home in Orange, Massachusetts." D. 7; see D. 8. According to the docket, judgment in that lawsuit entered in favor of PNC Mortgage on October 25, 2016, eight months prior to the filing of this action. See Ernest J. Frobese, Jr. v. PNC Mortgage, 1578CV1006, Franklin County Superior Court, Memorandum and Order, D. #21. It is unclear whether an appeal on this action is currently pending. More recently, in this action, Frobese has filed a "motion for an investigation." D. 13. In the motion, Frobese seeks an order from this court for the Attorney General to review all records in this matter pertaining to Frobese, and "present to the Court and [Frobese] copies of all records and investigations by the FBI and private investigators." Id.

**III. Discussion**

The Court abstains from exercising its jurisdiction under Younger v. Harris, 401 U.S. 37 (1971). "[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Under the principles of Younger abstention, "a federal court must abstain from hearing a case if doing so

---

[2] In a rambling affidavit Frobese relates, among other things, his personal family history and a confusing narrative of his various encounters with the Commonwealth's civil and criminal justice systems. D. 1-1. The Court notes that Frobese also makes certain allegations and accusations of sexual misconduct.

would 'needlessly inject' the federal court into ongoing state proceedings." Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010) (quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)). As this Court has recently previously held, "abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; (3) the state proceeding affords an adequate opportunity to raise the federal constitutional issue(s); and (4) the plaintiff in the federal case has not demonstrated bad faith, harassment, or any other unusual circumstances that would call for equitable relief." Enwonwu v. Massachusetts Superior Court, Fall River, No. CIV.A. 12-10703-DJC, 2012 WL 1802056, at *3 (D. Mass. May 16, 2012)(citing S. Boston Allied War Veterans' Council v. Zobel, 830 F.Supp. 643, 649 (D. Mass. 1993).

All of the Younger elements are met here, favoring abstention. First, Frobese alleges a pending state criminal proceeding for failure to register as a sex offender.[3] Second, it is beyond dispute that state criminal proceedings involve important state interests. Third, the very nature of the state criminal justice system permits Frobese to challenge any constitutional issues relating to the charge in that forum. Finally, other than conclusory allegations, Frobese has not demonstrated bad faith, harassment or other unusual circumstances that would call for equitable relief. Accordingly, the Court will in its discretion abstain from exercising its jurisdiction under Younger doctrine.

---

[3] To the extent the alleged charges may have been dismissed and Frobese has been released from custody, the Petition is likely moot because it would appear that "there is no longer any possible remedy that…the Court can provide, [and] § 2241 simply does not present a viable vehicle for his constitutional claim." Francis v. Maloney, 798 F.3d 33, 38 (1st Cir. 2015). Moreover, to the extent Frobese is seeking other, non-*habeas corpus* relief, he may not proceed in a *habeas corpus* petition regarding such claims.

3

**III. Conclusion**

Based on the foregoing,

1. The Petition (D. 1) is hereby <u>DENIED</u>.

2. Frobese's motion for an investigation (D. 13) is <u>DENIED</u> as <u>MOOT</u>.

3. The action is hereby <u>DISMISSED</u>.

SO ORDERED.

<u>November 1, 2017</u>                              <u>/s/ Denise J. Casper          </u>
DATE                                                     UNITED STATES DISTRICT JUDGE